[No. 15445. Department One. December 17, 1919.]

ADOLPH LOEWE, *Appellant,* v. OSNER & MEHLHORN, INCORPORATED, *Respondent.*[1]

PLEADING (151)—REPLY—STRIKING AFFIRMATIVE MATTER. Affirmative matter in a reply not constituting a defense to the plea of the statute of limitations is properly struck out.

LIMITATION OF ACTIONS (37) — CONTINUING CONTRACTS — ATTORNEY'S CLAIM FOR SERVICES — DROPPING CASE FROM CALENDAR. The statute of limitations does not run against an attorney's claim for services performed in a case until the termination of the action, and the action is not terminated by merely dropping the cause from the trial calendar upon entering into an agreement for a settlement, where all the matters in controversy were not fully settled.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 24, 1919, upon granting a nonsuit, dismissing an action on contract. Reversed.

*Edgar C. Snyder,* for appellant.

*Edward Von Tobel,* for respondent.

MACKINTOSH, J.—The respondent, in March, 1915, employed the appellant to represent it in two actions pending in the superior court of King county, these being materialmen's actions to foreclose liens against the owners of certain property upon which respondent held a mortgage. Involved in the actions were ten or twelve separate liens. To some of these lien claims, the appellant filed answers, and demurred to one. The two actions were consolidated and set for trial June 7,

[1]Reported in 186 Pac. 643.

1915, and continued from that date until June 21, 1915, when, after consultation between the attorneys and clients, it was determined that the action should not be tried but settled, and the record shows that the action was that day stricken from the calendar. No order of dismissal was taken in the action until May 7, 1918, on which day attorneys for the owners of the property obtained an order of dismissal on an *ex parte* application, supported by an affidavit that, "prior to the trial of the cause, the liens were paid . . . that the liens have all been satisfied with the exception of the lien of plaintiff C. F. Doyle . . . that affiant believes the satisfaction of this lien and the dismissal of the cause is purely an oversight."

The appellant, on July 24, 1918, served the complaint in this action, in which he is asking to recover the sum of $500 as the reasonable value of the services which he rendered in the lien foreclosure case. To this complaint, the respondent answered, setting up as an affirmative defense that the appellant had furnished no service in connection with the lien case since the 21st day of June, 1915, and that his cause of action had therefore not accrued within three years before the commencement of the present suit. The appellant replied, denying the defendant's affirmative matter, pleading facts which he alleged constituted an estoppel to the plea of the statute of limitations. This affirmative matter in the reply was stricken by the trial court, which constitutes one of these errors here alleged. The case went to trial, and upon the trial the court refused to admit certain exhibits offered by the appellant in substantiation of the affirmative matter contained in his reply, and the court, at the end of the testimony, took the case from the jury and granted the defendant's motion for a judgment of nonsuit.

The trial court was correct in striking the affirmative matter in the reply, as it did not constitute a defense to the plea of the statute of limitations, and was also correct in refusing admission of the exhibits offered in evidence; but was in error in nonsuiting the appellant.

An attorney, when he has been employed in legal proceedings, is not barred by the statute of limitations for the recovery of the value of his services which he has rendered until the statutory period has run, dated from the time when the action or proceeding has terminated or the contract of retainer has been otherwise ended. In this case there is no claim that the employment was ended in any other way than by the termination of the action in which appellant was employed, and it is the respondent's claim that this action was terminated on the 21st day of June, 1915. As we view the record, that claim is unfounded. The record discloses that the case was merely dropped from the calendar on June 21, and, although subsequently to that time appellant may not have performed any service in the action, his claim is not barred by that fact alone. It is not contended that the lien claims were all paid on June 21, and, as a matter of fact, the affidavit upon which the case was finally dismissed in May, 1918, shows that, at that time, one lien claim had not been satisfied. If the matter were still open after June 21, 1915, by lien claims being still unpaid, it cannot be said that the action was then terminated, and it is unnecessary to go to the extent of holding that the entire action was undisposed of until a final dismissal, which, according to the *ex parte* affidavit, had not been obtained through oversight. After the case was stricken from the calendar, it was still pending until such time as it was either formally dismissed or the parties interested were entitled to a dismissal

by the settlement of all the matters in controversy, and we cannot say, on the record, that this was more than three years prior to the instituting of appellant's present action. It cannot be held, as a matter of law, that the statute had run against the appellant's claim for attorney's fees so long as anything remained to be done before the final disposition of the case that he was handling for his client.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

HOLCOMB, C. J., MITCHELL, MAIN, and PARKER, JJ., concur.